**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WILLIE MILES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 09-628** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION "B"(5)** |

<u>ORDER</u>

Before the Court is Plaintiff's Motion to Dismiss Without Prejudice (Rec. Doc. No. 14) and Defendant's opposition (Rec. Doc. No. 17). After considering the motion, response, and the applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice is **GRANTED, provided that no later than 10 days after entry of this order Plaintiff pays $1,500.00 to Defendant for reasonable fees and costs** as set forth below.

*<u>BACKGROUND</u>*

This action is one of hundreds of Hurricane Katrina insurance coverage disputes brought against State Farm by the Hurricane Legal Center ("HLC") in August of 2007. Originally, these suits were included in a mass joinder suit and underwent numerous procedural steps as the actions were consolidated with the <u>Katrina Canal Breaches Consolidated Litigation</u>, No. 05-4182, subsequently deconsolidated, and eventually severed from one another on December 30, 2008, with the remaining plaintiffs ordered to file individualized complaints.

Plaintiff originally asserted this Court's authority to hear

this matter under diversity jurisdiction, 28 U.S.C. § 1332(a). Plaintiff also claimed damage from wind, wind driven rain, and non-natural flooding. Per ruling by the Supreme Court of Louisiana, and the Fifth Circuit, that a standard homeowners flood exclusion unambiguously excludes coverage for flood damage, Plaintiff no longer claims relief for flood related damage. In re: Katrina Canal Breaches Litigation, 495 F.3d 191 (5th Cir. 2007); Sher v. Lafayette Insurance Co., 988 So. 2d 186 (La. 2008) Therefore, according to Plaintiff, his claims no longer exceed the diversity jurisdiction amount in controversy requirement and this court should dismiss his claims, without prejudice, so he can re-file this matter in state court.

Plaintiff alternatively asks this Court to dismiss his claims without prejudice on the basis that Defendant wants to engage in "actual litigation" instead of continuing settlement negotiations. Since the inception of this litigation, the HLC has engaged in settlement negotiations with State Farm. The parties have been able to successfully reach an amicable agreement in many cases. Nevertheless, negotiations related to the remaining claims, including those of Plaintiff, have been for naught. Defendant's desire to move forward with litigation in lieu of continuing settlement negotiations has led to Plaintiff's filing of the current motion to dismiss.

Defendant argues that this Court should not grant Plaintiff's

motion to dismiss without prejudice because Plaintiff affirmatively invoked this Court's diversity jurisdiction at the onset of the litigation and cannot now claim that the Court lacks jurisdiction simply because the amount in controversy may have dropped below $75,000. Defendant also claims that its desire to "actually litigate" the matter is not grounds for dismissal without prejudice. Lastly, Defendant alleges that it would suffer clear and cognizable legal prejudice if Plaintiff were allowed to dismiss this case without prejudice and re-file it in state court.

## *DISCUSSION*

### *Amount in Controversy*

Plaintiff's first argument, which states this Court should dismiss his suit without prejudice because his claims no longer meet the necessary amount in controversy, is without merit. In his complaint, Plaintiff asserted this Court's authority to hear this matter under diversity jurisdiction, 28 U.S.C. § 1332(a), which requires the amount in controversy to exceed $75,000. Because the amount in controversy was satisfied as of the date of the complaint, the general rule holds that it is not to be reevaluated based on post-filing events. Lee v. Empire Ins., 2009 WL 2160437 (E.D. La. Jul. 15, 2009) (citing Hall v. Earthlink Network, Inc., 396 F.3d 500, 506 (2d Cir. 2005)); see also Hatten v. Estes Cadillac, Inc., 625 F. Supp. 913, 916 (E.D. La. 1986) (quoting C. Wright, E. Miller & A. Cooper, Federal Practice and Procedure:

3

Jurisdiction § 3702 (1976)) (stating "[t]he amount in controversy is determined at the time suit is filed in federal court. Subsequent events, 'whether beyond plaintiff's control or the result of his own volition,' cannot destroy the Court's jurisdiction once it has been acquired").

There are, however, a few exceptions to this general rule. The Court can revisit the issue if the amount in controversy was made in bad faith in the original complaint, or if post-filing events illustrate a mistake in the complaint with respect to the amount in controversy. Hall, 396 F.3d at 507. Additionally, the Court can revisit the issue if post-filing events reveal that claims were invalid at the time of filing. Id.

In his motion, Plaintiff does not allege that the aforementioned exceptions apply to this matter. He does not claim that he made a bad faith allegation or a mistake in claiming the amount in controversy in the original complaint. Nor does he allege that any of his claims were invalid at the time of filing.[1] Therefore, this matter should not be dismissed simply because post-filing events may have reduced the amount in controversy pertaining thereto.

---

[1] Plaintiff may attempt to claim that his flood claims were invalid at the time of filing. However, it was the Louisiana Supreme Court's opinion in Sher v. Lafayette Insurance Co., 988 So. 2d 186 (La. 2008), a post-filing event, which essentially invalidated these claims. They were not necessarily invalid at the time of the filing.

***Rule 41(a)(2)***

Plaintiff also argues that his claims should be dismissed without prejudice pursuant to Rule 41(a)(2) because Defendant actually wants to litigate the case. It befuddles the Court as to why Plaintiff believes this is a valid reason for moving to dismiss without prejudice. Nevertheless, the Court will analyze whether a Rule 41(a)(2) dismissal, without prejudice, is appropriate for any other reason.

Rule 41(a)(2) states, in pertinent part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. Rule 41(a)(2). Unless the court order says otherwise, a dismissal pursuant to Rule 41(a)(2) shall be without prejudice. Id. However, given that "[t]he primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side," Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002), the Fifth Circuit has held that "if a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, [a motion for] voluntary dismissal without prejudice should be denied." Hartford Accident & Indemnity Co. v. Costa Lines Cargo Services, Inc., 903 F.2d 352, 360 (5th Cir.1990). Further, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant

5

a voluntary dismissal." Id. (citing Kramer v. Butler, 845 F.2d 1291, 1294-95 (5th Cir. 1988)).

Plaintiff's motion comes two years after his initial suit was filed with the mass joinder in federal court. Notwithstanding the voluminous litigation that occurred during that period, even if this Court were to focus merely on the events occurring after Plaintiff filed his individual complaint, the Court finds that legal prejudice would exist if this motion were granted without condition.

The efforts taken by Defendant since the filing of Plaintiff's individualized complaint are similar to those considered to result in a legal prejudice to the defendant in Lockwood v. State Farm, No. 09-431 (E.D. La. Oct. 20, 2009). As did the defendant in Lockwood, Defendant in this matter filed an answer; filed a Statement of Corporate Disclosure; served Plaintiff with Interrogatories and Requests for Production (which Plaintiff sought, and received, an extension of time to answer); and filed a Motion to Compel Plaintiff's Responses to Interrogatories and Requests for Production. It is therefore clear that Defendant will suffer "some cognizable prejudice greater than the mere prospect of a second lawsuit" should this motion be granted.

Having decided that legal prejudice exists, this Court has two options, "deny the motion outright[,] or . . . craft conditions that will cure the prejudice." Elbaor, 279 F.3d 317-18. This

Court has decided to craft conditions that will cure the prejudice. However, should Plaintiff decide not to accept these conditions, the Court will deny the motion outright.

*Curative Conditions*

This Court finds persuasive the methodology utilized in Lockwood to formulate an appropriate curative condition. In Lockwood, the Court examined those steps taken by the defendant that would have to be duplicated,[2] or would be considered wasteful,[3] should the matter be re-filed in state court. An examination of the efforts taken by the defendant led the Lockwood Court to decide that should the matter be dismissed without prejudice, the prejudicial effect suffered by the Defendant would be cured if the plaintiff paid the defendant $1,500, representing attorneys fees and costs. Given the similarities between the current matter and Lockwood, this Court finds that $1,500 in attorneys fees and costs to be an appropriate curative condition as well. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss without Prejudice is **GRANTED, provided that Plaintiff pays Defendant $1,500 for attorney fees and costs related to those efforts not applicable to any subsequent state court suit.** Plaintiff's failure to make such payment within ten (10) days from entry of this order shall

---

[2] Filing an answer, interrogatories, and requests for production.

[3] Filing a Statement of Corporate Disclosure.

result in the Court vacating the instant dismissal order and denying Plaintiff's motion to dismiss without further notice.

New Orleans, Louisiana, this 2nd day of December, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE